No. 41.   Fisher v. Phillips et'al.   This was a proceeding by distress for rent.   The defense was that the rent had been released, to which the plaintiffs replied that the supposed release was void for want of consideration.   Upon a trial by jury the issue was found for the plaintiffs, and there was judgment accordingly.   The land had been rented by Albert Y. Phillips, then owner, to the appellant.   Phillips having died, the suit is prosecuted by the appellees, his widow and nephew, in whom the title now is.   The alleged release was given, as claimed by the tenant, in part satisfaction of a demand then asserted by him against the landlord, because of certain slanderous and defamatory words said to have been uttered and published by the latter concerning the former.   The plaintiffs insisted, on the contrary, that it was in consideration, wholly, of an agreement by the tenant not to prosecute the landlord for an alleged criminal offense in failing to properly list his property for taxation, and that he would not cause him to be brought back from the State of Kansas, where he then was, to this State, for trial upon the supposed charge.   The arrangement, whatever it was, and whatever induced it, was effected on behalf of Phillips, by his wife, through a third party.   Phillips had left his home and gone to Kansas, evidently to get away from the troub'e, and as now suggested he was moved by a serious apprehension that he would be subjected to a criminal prosecution.   While there he was taken sick and his wife paid the appellant one hundred dollars and agreed to release this rent, for the sole consideration, as she avers, that there should be no prosecution.   She soon after went to Kansas, and remained there with her husband till his death.   The evidence was very conflicting, and it was for the jury to reconcile it if possible, and if not, to determine where the truth was.   The law applicable, was given very fairly and accurately by the instructions, and the verdict must stand, as this court can not say it was manifestly against the preponderance of the evidence.   Opinion by WALL, P. J.   Judge below, O. T. REEVES.   Attorneys, for appellant, Messrs. TIPTON & BEAVER; for appellee, Mr. J. S. EWING.   Opinion filed Feb. 25, 1886.